UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**RACQUEL LEWIS - DAVIS**         *

    (Plaintiff)         *

                                *

v.         *         case number:

                                *

**Jefferson Hospital - Frankford Campus**         *

Stephen K. Klasko, MD, MBA         *

President, CEO and Stephen Hanneken, PAC*

 in his professional and personal capacity         *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

<u>**PLAINTIFF'S CLAIM of Medical Professional Malpractice against JEFFERSON HOSPITAL - FRANKFORD CAMPUS**</u>

Plaintiff - Racquel Lewis - Davis - Pro Se brings this action to Stephen Hanneken, PAC of Jefferson Hospital - Frankford campus pursuant to - 42 Pa. Section 5524 (2), PTSCA, Continuation Violation Doctrine - 42 U.S.C. § 2000e-5(e)(1; Consumer Protection Act, 1986, Medical Professional Malpractice - Negligence Tort to enjoin Dr. Stephen Hanneken and Jefferson Hospital - Frankford Campus from providing harmful medical treatment and retaliating in a continuing violations theory against patient civil rights, human rights, privileges or immunities secured or protected by the Constitution of the United States and Federal statutes

<u>PARTIES</u>

    3. Plaintiff is a citizen of the United States of America and a resident in Philadelphia Pennsylvania.

    4. Stephen Hanneken, PAC (Commonwealth Party) of Jefferson Hospital (Commonwealth Agency) - Frankford Campus - 4900 Frankford Ave, Philadelphia, PA 19124; https://www.jeffersonhealth.org. A hospital that is in the city of Philadelphia, state of Pennsylvania.

5. Racquel Lewis - Davis (referred to as Plaintiff) acting *Pro Se*, hereby come pursuant to FTCA of 1946 and Federal EEOC - Title VII of the Civil Rights Act of 1964. Plaintiff was a patient in the ER on July 15, 2019 at approximately 10:50pm. Plaintiff accidently cut herself with a knife while preparing a meal. Plaintiff went to the ER with her 11-year-old son. She was seen by a doctor who ineffectively administered anesthesia 2 times. The doctor gave anesthesia to the patient - sticking her with a needle (1st stick). He left for approximately 15 - 20 minutes and then returned to stitch the wound. Patient felt the needle stick a 2nd time. Patient had total feeling in her hand. Dr "attempted" to inject more anesthesia, sticking the patient a 3rd time. He left and came back maybe 15 - 20 minutes later again. He proceeded to stitch the patient again sticking her a 4th time with a needle. The anesthesia was ineffective. Patient had all feeling in her hand. The Dr. then suggested the patient was "immune" and asked for permission to proceed with "just 2 sutures". The doctor applied 2 sutures. Sticking patient/plaintiff 7xs to complete the process ineffective anesthesia application. The patient's son watched supporting plaintiff but expressed is bruised feelings due to the process.

In addition to the above, there is a "general alert" note which states "Ebola Risk Criteria"s. Patient has never had symptoms of ebola or related to ebola. A screening was never conducted regarding Ebola. This information is false and defamatory. However, since the statute of limitations in 1 year for a defamation claim, the Plaintiff is focusing on Medical Professional Malpractice. In the case of *Dr. Laxman Balkrishna Joshi vs. Dr. Trimbark Babu Godbole and Anr., AIR 1969 SC 128 and A.S.Mittal v. State of U.P., AIR 1989 SC 1570*, "it was laid down that when a doctor is consulted by a patient, the doctor owes to his patient certain duties which are: (a) duty of care in deciding whether to undertake the case, (b) duty of care in deciding what treatment to give, and (c) duty of care in the administration of that treatment. A breach of any of the above duties may give a cause of action for negligence and the patient may on that basis recover damages from his doctor". Black's Law Dictionary defines negligence per se as "conduct, whether of action or omission, which may be declared and treated as negligence without any argument or proof as to the particular surrounding circumstances, either because it is in violation of statute or valid Municipal ordinance or because it is so palpably opposed to the dictates of common prudence that it can be said without hesitation or doubt that no careful person would have been guilty of it. As a general rule, the violation of a public duty, enjoined by law for the protection of person or property, so constitutes."

https://www.ncbi.nlm.nih.gov/pmc/articles/PMC2779963/

Bolam V. Friern Hospital Management Committee, (1957) 2 All ER 118, McNair, J

Dr. Hanneken was negligent in his practice. Dr. Hanneken is a member of Patient First Maryland Physicians Group, P.c.. Plaintiff was a resident of Maryland and have an open civil case in District Court due to engaging in protected activity. Dr. Hanneken was called specifically to work on patient concerns and to intentionally provide unethical, insufficient, negligent services to plaintiff in front of her son. Dr. Hanneken made a poor choice in deciding whether to take care of the patient under the circumstances of her being a prior resident of Maryland with an open civil case. Dr. Hanneken also made poor decisions on the treatment he choze to administer or lack-there-off to patient wound. Patient was in pain and anxious for the procedure to finish so she could relieve herself of the pain Dr. Hanneken inflicted multiple times maliciously. Dr. Hanneken breach all levels of duty of care he is professionally responsible for while attending to patient needs. He was motivated by malicious intent and his obligation and dedication to Maryland. Even if Dr. Hanneken have conducted procedure without the influence of his affiliation with Maryland Physicians Group, he is still negligent. The fact that he is part of Maryland's Physicians Group and he performed less than professional services on a patient that "is" (emphasis) still in court with Maryland entities due to protected activity engagement makes his negligent actions malicious in Jefferson Hospital - Frankford Campus.

Patient/Plaintiff is requesting $100,000 for pain and suffering and trauma for herself and the minor child witness.

42 Sec. 5524(2); continuing violation theory; medical malpractice - negligence tort.


Respectfully submitted,

Racquel Lewis

7/15/2021

_____
Racquel Lewis
177 Sands Street, 5B
Brooklyn New York 11201
lewidavi@protonmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of July 2021 a copy of the Plaintiffs claim against Jefferson Hospital - Frankford Campus request for permission to change her social security number has been submitted to the US District Court for the District of Maryland at the following address:

Contact Dr. Klasko:

Stephen K. Klasko, MD, MBA

President, Thomas Jefferson University

CEO, Jefferson Health

President's Office

1101 Market St, 31st Floor

Philadelphia, PA 19107

Racquel Lewis - Davis
177 Sands Street, Apt 5B
Brooklyn, NY 11201
lewidavi@protonmail.com
757-693-0076

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __177 Sands Street 5B, Brooklyn, NY 11201__

Address of Defendant: __1100 Market Street, 31st Floor, Philadelphia 19107__

Place of Accident, Incident or Transaction: __Jefferson Hospital - Franford Campus__

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __7/15/2021__    _[signature]_ Must sign here    _____
*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.    Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
*(Please specify):* _____

**B.    Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☑ 6. Other Personal Injury *(Please specify):* __malpractice__
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____    Sign here if applicable _____    _____
*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)