## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RACQUEL LEWIS-DAVIS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **JEFFERSON HOSPITAL - FRANKFORD** | : | |
| **CAMPUS, STEPHEN K. KLASKO, MD,** | : | |
| **MBA, PRESIDENT, CEO, and** | : | |
| **STEPHEN HANNEKEN, PAC** | : | **NO. 21-3788** |

## MEMORANDUM

**Savage, J.**                                                                                  **August 31, 2021**

Plaintiff Racquel Lewis-Davis, proceeding *pro se*, filed this medical malpractice action against the defendants, asserting that the federal court has jurisdiction based upon diversity of citizenship.[1] Consistent with our "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it," *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010), we must dismiss a case *sua sponte* for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). Because Lewis-Davis and at least one defendant are citizens of the same state, we shall dismiss the complaint for lack of diversity jurisdiction.

Under 28 U.S.C. § 1332, federal district courts have original jurisdiction of all civil actions "between . . . citizens of different States." *Id.*, § 1332(a)(1). This means that for a federal court to exercise diversity jurisdiction, no plaintiff can be a citizen of the same state as any defendant. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir.

---

[1] *See* Designation Form attached to the complaint (Doc. No. 1 at ECF 6), designating action as a diversity jurisdiction case.

2015) (citation omitted).

A natural person is deemed to be a citizen of the state where she is domiciled. *Lincoln Ben. Life Co.*, 800 F.3d at 104. A corporation is a citizen of both the state of its incorporation and the state where its principal place of business is located. *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) (citation omitted).

In her complaint, Lewis-Davis alleges that she is a resident of Philadelphia, Pennsylvania, and defendant Jefferson Hospital is a "hospital that is in the City of Philadelphia, state of Pennsylvania."[2] She makes no factual allegations about the citizenship of the two individual defendants.

Based on the allegations in the complaint, it appears that Lewis-Davis and Jefferson Hospital are both citizens of Pennsylvania. Additionally, we do not know the citizenship of each of the individual defendants. Because no plaintiff can be a citizen of the same state as any defendant, there is no diversity. Thus, we shall dismiss the complaint for lack of subject matter jurisdiction.[3]

---

[2] *See* Complaint (Doc. No. 1) ¶¶ 3-4.

[3] Dismissal is without prejudice to the plaintiff's right to file an action in the state court.